NICHOLS KASTER & ANDERSON LLP
Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

NICHOLS KASTER & ANDERSON, PLLP
Donald H. Nichols, MN State Bar No. 78918
Nichols@nka.com
(**pro hac vice** application forthcoming)
Paul J. Lukas, MN State Bar No. 22084X
Lukas@nka.com
(**pro hac vice** application forthcoming)
4600 IDS Center, 80 S. 8th Street
Minneapolis, MN 55402

LEE & BRAZIEL, LLP
J. Derek Braziel, Texas Bar No. 00793380
jdbraziel@l-b-law.com
(**pro hac vice** application forthcoming)
1801 N. Lamar St., Suite 325
Dallas, Texas 75202

BRUCKNER BURCH PLLC
Richard J. ("Rex") Burch, Texas Bar No. 24001807
rburch@brucknerburch.com
(**pro hac vice** application forthcoming)
1415 Louisiana St., Suite 2125
Houston, Texas 77002

Attorneys for Individual and Representative Plaintiffs

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Infinite Shakim Allah, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>United Mortgage Group, Inc., Perminder Johal, and DOES 1-10 inclusive,<br><br>Defendants. | CV 08 1065 PJH<br>CLASS ACTION<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>(1) **Failure to Pay Overtime Compensation In Violation of the Fair Labor Standards Act (29 U.S.C. Section 201, et seq.)**<br><br>(2) **Failure to Pay Overtime Compensation in Violation of California Law (California Labor Code Sections 510,** |

CLASS ACTION COMPLAINT

1194 and 1198, and IWC Wage Order(s)

(3) **Waiting Time Penalties** (California Labor Code Sections 201-203)

(4) **Failure to Provide Itemized Wage Statements (California Labor Code Section 226)**

(5) **Failure to Provide and/or Authorize Meal and Rest Periods** (California Labor Code Section 226.7)

(6) **Violation of California Business and Professions Code Sections 17200 et seq.**

**DEMAND FOR JURY TRIAL**

## PRELIMINARY STATEMENT

1. This is a collective and class action brought by Individual and Representative Plaintiff Infinite Shakim Allah, on his own behalf and on behalf of the Proposed Class identified below. Plaintiff and the putative class members were or are employed by Defendant United Mortgage Group, Inc., ("United Mortgage"), Parminder Johal, and certain Doe Defendants, or their predecessors-in-interest, with the job titles of assistant mortgage executives ("AME") and mortgage executives ("ME"), and were denied overtime compensation as required by state and federal wage and hour laws. These employees are similarly situated under the Federal Rules of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. The Collective Class is made of all persons who are or have been employed by Defendant as an AME or ME, at any time within the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

3. The California Class is made up of all persons who are or have been employed by Defendants as an AME and ME in the State of California within the period four years prior to the filing date of this Complaint (the "California Class Period").

4. During the Collective Class Period and the California Class Periods, Defendants failed to pay overtime compensation to each member of the Collective and California Class as required by state and federal law. Plaintiffs seek relief for the California Class pursuant to

-2-

**CLASS ACTION COMPLAINT**

applicable State Law, Rules, Regulations, and Wage Orders of the California Industrial Welfare Commission ("IWC"). Plaintiffs also seek relief for the Collective Class under the Fair Labor Standards Act. All of the relief sought is to remedy the Defendants' failure to pay all wages due, pay appropriate overtime compensation, to provide and authorize meal and rest periods, to pay waiting time penalties, and maintain accurate time records, in addition to injunctive relief.

## PARTIES

5. Individual and representative Plaintiff Infinite Shakim Allah resides in Dallas, Texas. He was employed by Defendants from approximately September 2005 through approximately February 2006 as an AME and approximately February 2006 to October 2006 as an ME working for Defendants in Concord, California (Contra Costa County). Plaintiff Infinite Shakim Allah brings his claims on behalf of himself and the Collective and California Classes.

6. Upon information and belief, Defendant United Mortgage is a domestic corporation doing business in Concord, California (Contra Costa County).

7. Upon information and belief, Defendant Parminder Johal is an individual who resides in Yuba City, California (Sutter County). At all times relevant herein, Parminder Johal was an officer, owner, and operator of United Mortgage, and was an employer of Plaintiff and the putative class under 20 U.S.C. § 203.

8. Defendants Does 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the putative class members herein alleged were proximately caused by such Defendants.

9. Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff is further informed, believes, and thereon alleges that each of the

-3-

Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is being brought under the FLSA, 29 U.S.C. § 207 et seq. The representative Plaintiff has signed a consent form to join this lawsuit, a copy of which is attached as Exhibit A. This Court also has supplement jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391, because Defendant does business in Contra Costa County, California, and because a substantial part of the events giving rise to the claims occurred in this district.

12. Pursuant to N.D. Cal. Civil L.R. 3-2(c), this matter is properly assigned to either the San Francisco Division or the Oakland Division because a substantial part of the events giving rise to the action occurred in Contra Costa County.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings this action on behalf of himself and other similarly situated employees as authorized under FLSA § 16(b), 29 U.S.C. § 216(b). The employees similarly situated are:

**Collective Class:** All persons who or have been employed by Defendants with the job title of Assistant Mortgage Executive or Mortgage Executive within the United States at any time three years prior to filing of this Complaint, to the final disposition of this case.

14. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without overtime compensation.

15. Defendants' unlawful conduct has been widespread, repeated and consistent.

16. Upon information and belief, Defendants knew that Plaintiff and the Collective Class performed work that required overtime pay. Defendants have operated under a scheme to

-4-

**CLASS ACTION COMPLAINT**

deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

17. Defendants misclassified Plaintiff and members of the Collective Class as "exempt" from federal and state overtime laws. Defendants misrepresented to these employees that they were "exempt" and therefore were not entitled to overtime pay for hours worked in excess of forty a week.

18. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

19. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ALLEGATIONS

20. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure 23 on behalf of the following defined class:

**Proposed California Class:** All employees of Defendants who were, are, or will be employed in the State of California with the job title of Assistant Mortgage Executive or Mortgage Executive at any time within four years of the filing of this Complaint until the final disposition of this case.

21. <u>Numerosity</u>: The Proposed Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed hundreds of people who satisfy the definition of the Proposed Class.

22. <u>Typicality</u>: The Plaintiff's claims are typical of the members of the Proposed

Class. Plaintiff is informed and believes that, like other AME's and ME's, he routinely worked more than eight hours per day and more than 40 hours per week during the Class Period. Plaintiff had the same duties and responsibilities as other Class members. Plaintiff was subject to Defendants' policy and practice of improperly treating and classifying AME's and ME's as "exempt" from federal and state wage and hour laws and misrepresenting to these employees that they were "exempt" from federal and state overtime laws. Plaintiff was and members of the Putative Class were further subject to Defendants' policy and practice of failing to fully pay appropriate overtime compensation, failing to provide or authorize meal and rest breaks in compliance with state laws, and failing to issue accurate itemized wage statements to these individuals.

23. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate Defendants and wealthy corporate officers and directors. Prosecuting hundreds of identical, individual lawsuits nationwide does not promote judicial efficiency or equity and consistency in judicial results.

24. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Proposed Class, and has retained counsel experienced in complex, nationwide wage and hour class and collective action litigation.

25. <u>Commonality</u>: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

    A.    Whether Defendants improperly classified Plaintiff and members of the California Class as exempt;

    B.    Whether Defendants unlawfully failed to fully pay appropriate overtime compensation to members of the Proposed Class in violation of the state wage laws and the FLSA;

C.  Whether Plaintiffs and California Class members who are no longer employed with Defendants are entitled to penalties for failure to timely pay wages upon termination of employment, pursuant to the applicable state laws;

D.  Whether Defendants' policies and practices provide and/or authorize meal and rest periods in compliance with applicable state laws;

E.  Whether Defendants failed to keep accurate time records for all hours worked by Plaintiff and the Proposed Class in violation of FLSA, 29 U.S.C. § 201 et seq., and state wage laws;

F.  Whether Defendants provided adequate itemized wage statements to Plaintiff and the Class pursuant to state wage laws;

G.  The proper measure of damages sustained by the Proposed Class; and

H.  Whether Defendants' actions were "willful."

26. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interests of other individuals not party to this action, impeding their ability to protect their interests.

27. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed Class the overtime pay to which they are entitled. The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments from Defendants' practices.

28. Plaintiff intends to send notice to all members of the Proposed Class to the extent required by Rule 23. The names and address of the Proposed Class Members are available from Defendants.

### FIRST CLAIM FOR RELIEF

**Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act**

**(On behalf of Plaintiff and the Collective Class)**

29. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

30. Plaintiff consents in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto as Exhibit A. Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

31. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiff and the Collective Class. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.00.

32. The FLSA requires each covered employer such as Defendants to compensate all employees properly classified as non-exempt at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

33. During his employment with Defendants, within the applicable statute of limitations, Plaintiff and the other Collective Class members were misclassified as exempt. Defendants misrepresented that Plaintiff and members of the Collective Class were properly classified as exempt, when they should have been classified as non-exempt.

34. During their employment with Defendants, within the applicable statute of limitations, Plaintiff and the other Collective Class members worked in excess of forty hours per workweek without overtime compensation. Despite the hours worked by Plaintiff and the Collective Class members, Defendants in bad faith, and in knowing violation of the Federal Fair

-8-

1 | Labor Standards Act, failed and refused to pay them overtime compensation for all hours worked.

35. By failing to accurately record, report and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

37. Plaintiff, on behalf of himself and the Collective Class, seeks damages in the amount of respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), declaratory and injunctive relief, and such other legal and equitable relief as the Court deems just and proper.

38. Plaintiff, on behalf of himself and the Collective Class, seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

**Failure to Pay Overtime Compensation in Violation of California Law**

**(On Behalf of Plaintiff and the California Class against United Mortgage and Doe Defendants)**

39. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

40. At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 required an employer, such as Defendants, to pay overtime premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

41. Plaintiff is informed and believes, and thereon alleges, that members of the California Class worked in excess of eight hours per day and in excess of 40 hours per week, that

members of the California Class were misclassified as exempt, and that Defendants unlawfully failed to pay members of the California Class the overtime required in violation of IWC Wage Order 4 (8 C.C.R. § 11040), and the California Labor Code §§ 510 and 1198. Pursuant to California Labor Code § 1194, Plaintiff and the other Class Members are entitled to recover their unpaid overtime compensation.

42. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the California Class have sustained damages, including but not limited to loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, plus interest, attorneys' fees and costs.

43. Plaintiff moreover seeks appropriate declaratory and injunctive relief and such other legal and equitable remedies available under California law as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF

**Waiting Time Penalties Under California Law**

**(On Behalf of Plaintiff and the California Class against United Mortgage and Doe Defendants)**

44. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

45. During the relevant time period, many California Class members were employed by and thereafter terminated by or resigned from their positions with Defendants. Defendants, however, willfully failed to pay such Class Members all wages owed them (including overtime wages) within the time limits set forth in California Labor Code sections 201 and 202.

46. Under Labor Code sections 201, 202, and 203, those California Class Members who no longer work for Defendants are entitled to waiting time penalties for Defendants' willful failure to timely pay all wages owed upon separation of their employment.

## FOURTH CLAIM FOR RELIEF

**Failure to Provide Accurate Itemized Wage Statements Under California Law**

**(On Behalf of Plaintiff and the California Class against United Mortgage and Doe Defendants)**

47. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

48. California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

49. Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff and the California Class in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiff and the California Class members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled. Plaintiff and the California Class are therefore entitled to the damages and penalties provided for under Labor code § 226(e). Pursuant to Labor Code section 226(g), Plaintiff and the California Class are also entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a).

## FIFTH CLAIM FOR RELIEF

**Failure to Provide Rest Breaks and Meal Periods under California Law**

**(On Behalf of Plaintiff and the California Class against United Mortgage and Doe Defendants)**

50. Plaintiff alleges and incorporates by reference the allegations in the proceeding paragraphs.

51. California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period for not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

52. Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minutes meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

53. Section 12 of Wage Order No. 4 provides (and at all times relevant thereto provided) in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based

-12-

**CLASS ACTION COMPLAINT**

on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

54. California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

55. Defendants failed to provide Plaintiff and California Class Members with meal periods as required by law, and failed to authorize and permit the California Plaintiff and California Class Members to take rest periods as required by law. The California Plaintiff and the California Class Members are therefore entitled to payment of the meal and rest period premiums as provided by law.

## SIXTH CLAIM FOR RELIEF

### Unfair Practice under the Unfair Competition Act

### (On Behalf of Plaintiff and the California Class against United Mortgage and Doe Defendants)

56. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

57. Section 17200 of the California Business and Professions Code – California's

-13-

Unfair Competition Law – prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of Section 17200, *et seq.*

58. Pursuant to Business and Profession Code § 17200 *et seq.*, Plaintiff and California Class Members are entitled to restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Defendants have improperly withheld and retained during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendants to pay minimum wage and overtime to all workers as defined herein, in California, an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs.

**PRAYER FOR RELIEF**

59. WHEREFORE, Plaintiffs on behalf of himself and all members of the Proposed Class, pray for relief as follows:

A. That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

B. That Defendants are found to have violated the overtime, meal/rest period, itemized wage statement, and failure to timely pay wages penalty provisions of the state wage laws cited above as to the California Class;

C. That Defendants are found to have violated the overtime provisions of the Federal Fair Labor Standards Act as to Plaintiff and the Collective Class;

D. That Defendants are found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and the Collective Class;

E. That Defendants' violations as described above are found to be willful;

F. An award to Plaintiff and the Classes for the amount of unpaid wages owed, liquidated damages and penalties where provided by state and federal law, and interest thereon, subject to proof at trial;

G. That Defendants be ordered and enjoined to pay restitution to Plaintiff and

the Class due to Defendants' unlawful activities, pursuant to California state laws cited above;

H. That Defendants further be enjoined to cease and desist from unlawful activities in violation of state laws cited above;

I. That the Court grant declaratory relief stating that Defendants' scheme is unlawful;

J. For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. section 216 and/or other applicable state laws; and

K. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

### JURY DEMAND

60. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, and Amendment VII to the Constitution of the United States, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury.

Dated: February 22, 2008

NICHOLS KASTER & ANDERSON, LLP

By: _____
Matthew C. Helland

NICHOLS KASTER & ANDERSON, PLLP
LEE & BRAZIEL, LLP
BRUCKNER BURCH PLLC
Attorneys for Plaintiff and the Putative Class

**CLASS ACTION COMPLAINT**

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act and/or California wage and hour laws to recover unpaid wages and overtime from my current/former employer(s) UNITED MORTGAGE GROUP, INC. and PETER JAHL.

_Infinite Allah_            7/16/07
Signature                                                   Date

Infinite Allah
Printed Name


EXHIBIT A

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act and/or California wage and hour laws to recover unpaid wages and overtime from my current/former employer(s) UNITED MORTGAGE GROUP, INC. and PETER JAHL.

_Marisa Hernandez_
Signature

10/24/06
Date

_Marisa Hernandez_
Printed Name

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act and/or California wage and hour laws to recover unpaid wages and overtime from my current/former employer(s) UNITED MORTGAGE GROUP, INC. and PETER JAHL.

_Francesca M. Sisto_
Signature

08/30/06
Date

_Francesca M. Sisto_
Printed Name