LORI A. BOWMAN, State Bar No. 114664
lori.bowman@ogletreedeakins.com
MARGARET H. GILLESPIE, State Bar No. 150072
margaret.gillespie@ogletreedeakins.com
CHRISTOPHER W. DECKER, State Bar No. 229426
christopher.decker@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
633 West Fifth Street, 53rd Floor
Los Angeles, California 90071
Telephone:   (213) 239-9800
Facsimile:   (213) 239-9045

Attorneys for Defendants
UNITED MORTGAGE GROUP, INC.,
PARMINDER JOHAL AND PETER JOHAL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA VANHATTEM AND GENIA CASTILLO, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED MORTGAGE GROUP, INC., PARMINDER JOHAL, PETER JOHAL a/k/a PETR JOHAL and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 08 1065 PJH<br><br>**ANSWER OF DEFENDANT UNITED MORTGAGE GROUP, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES** |

///

///

///

///

///

///

CASE NO. CV 08 1065 PJH
ANSWER OF DEFENDANT UNITED MORTGAGE GROUP, INC. TO PLAINTIFFS'
FIRST AMENDED COMPLAINT FOR DAMAGES

6191734_1

Defendant United Mortgage Group, Inc. ("Defendant" or "United Mortgage") hereby answers Plaintiffs' First Amended Complaint (the "Complaint") as follows:

1. With regard to the averments contained in paragraph 1 of the Complaint, Defendant admits that the individual Plaintiffs purport to bring a collective and class action pursuant to Federal Rules of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA") on behalf assistant mortgage executives ("AME") and mortgage executives ("ME"). Defendant denies the remaining averments of this paragraph.

2. With regard to the averments contained in paragraph 2 of the Complaint, Defendant admits that Plaintiffs contend that the putative collective class consists of persons who are or have been employed as an AME or ME within three years prior to the action's filing date. Defendant denies the remaining averments of this paragraph.

3. With regard to the averments contained in paragraph 3 of the Complaint, Defendant admits that Plaintiffs contend that the putative California class consists of persons who are or have been employed as an AME or ME in the State of California within four years prior to the action's filing date. Defendant denies the remaining averments of this paragraph.

4. With regard to the averments contained in paragraph 4 of the Complaint, Defendant admits that Plaintiffs seek the relief set forth therein. Defendant denies the remaining averments of this paragraph, and specifically denies that plaintiffs are entitled to the relief requested.

5. With regard to the averments contained in paragraph 5 of the Complaint, Defendant admits that Plaintiff Rebecca VanHattem was employed by United Mortgage as an AME from September 19, 2006 to December 31, 2006, and as an ME from January 1, 2007 to March 8, 2007, and worked in Concord, California (Contra Costa County). Defendant is without sufficient information or knowledge to

///

form a belief as to Plaintiff's current residence.  Defendant denies the remaining averments of this paragraph.

      6.    With regard to the averments contained in paragraph 6 of the Complaint, Defendant is without sufficient information or knowledge to form a belief as to Plaintiff's current residence.  Defendant denies the remaining averments of this paragraph.

      7.    With regard to the averments contained in paragraph 7 of the Complaint, Defendant admits that United Mortgage is a California Corporation doing business in Concord, California (Contra Costa County).

      8.    With regard to the averments contained in paragraph 8 of the Complaint, Defendant admits that Parminder Johal is an individual.  Defendant further admits that Parminder Johal is an owner of United Mortgage.  Defendant denies the remaining averments contained in paragraph 8.

      9.    With regard to the averments contained in paragraph 9 of the Complaint, Defendant admits that Peter Johal is an individual.  Defendant denies the remaining averments contained in paragraph 9.

      10.    With regard to the averments contained in paragraph 10 of the Complaint, Defendant is without sufficient information or knowledge to form a belief as to the averments regarding the Plaintiffs' knowledge of the names and capacities of each Defendant sued as DOES 1 through 10.  Defendant denies the remaining averments contained in paragraph 10 of the Complaint.

      11.    With regard to the averments contained in paragraph 11 of the Complaint, Defendant is without sufficient information or knowledge to form a belief as to the averments regarding the actions of each defendant sued as DOES 1 through 10, and therefore denies such averments.  Defendant denies the remaining averments contained in paragraph 11.

      12.    With regard to the averments contained in paragraph 12 of the Complaint, Defendant admits that Plaintiffs seek to invoke this Court's jurisdiction.

1  Defendant is without knowledge or information sufficient to form a belief as to the
2  remaining averments contained in paragraph 12 of the Complaint, and therefore
3  denies such averments.

4      13.    With regard to the averments contained in paragraph 13 of the
5  Complaint, Defendant admits that Plaintiffs seek to establish venue in this Court.
6  Defendant further admits that it does business in Contra Costa County. Defendant
7  denies the remaining averments contained in paragraph 13 of the Complaint.

8      14.    With regard to the averments contained in paragraph 14 of the
9  Complaint, Defendant admits Plaintiffs seek to have the matter assigned to either the
10 San Francisco Division or the Oakland Division of this Court. Defendant denies the
11 remaining averments contained in paragraph 14 of the Complaint.

12     15.    With regard to the averments contained in paragraph 15, Defendant
13 admits that Plaintiffs seek to pursue a collective action. Defendant denies that the
14 employees are similarly situated. Defendant denies the remaining averments of this
15 paragraph.

16     16.    Defendant denies the averments contained in paragraph 16 of the
17 Complaint.

18     17.    Defendant denies the averments contained in paragraph 17 of the
19 Complaint.

20     18.    Defendant denies the averments contained in paragraph 18 of the
21 Complaint.

22     19.    Defendant denies the averments contained in paragraph 19 of the
23 Complaint.

24     20.    Defendant denies the averments contained in paragraph 20 of the
25 Complaint.

26     21.    Defendant denies the averments contained in paragraph 21 of the
27 Complaint.
28 ///

22. With regard to the averments contained in paragraph 22 of the Complaint, Defendant admits that Plaintiffs seek to pursue a class action. Defendant denies the remaining averments in paragraph 22 of the Complaint.

23. Defendant denies the averments contained in paragraph 23 of the Complaint.

24. Defendant denies the averments contained in paragraph 24 of the Complaint.

25. Defendant denies the averments contained in paragraph 25 of the Complaint.

26. Defendant denies the averments contained in paragraph 26 of the Complaint.

27. Defendant denies the averments contained in paragraph 27 of the Complaint.

28. Defendant denies the averments contained in paragraph 28 of the Complaint.

29. Defendant denies the averments contained in paragraph 29 of the Complaint.

30. Defendant is without sufficient information or knowledge to form a belief as to Plaintiffs' intent, and therefore denies such averment. Defendant admits that it has names and addresses of some of the Proposed Class Members. Except as so expressly stated, Defendant denies the averments in paragraph 30 of the Complaint.

31. In response to paragraph 31, Defendant incorporates herein by this reference its responses to paragraphs 1 through 30 of the Complaint as though fully set forth herein.

///

///

///

1    32.   With regard to the averments contained in paragraph 32, Defendant is without sufficient knowledge or information to form a belief as to the averments in this paragraph and therefore denies such averments.

33.   With regard to the averments contained in paragraph 33, Defendant admits that it has employed and continues to employ employees. Defendant further admits that it has gross operating revenues in excess of $500,000. Except as expressly admitted, defendant denies the averments contained in paragraph 33 of the Complaint.

34.   With regard to the averments contained in paragraph 34, Defendant admits the existence of the FLSA, the provisions of which speak for themselves. Except as expressly admitted, defendant denies the averments contained in paragraph 34 of the Complaint.

35.   Defendant denies the averments contained in paragraph 35 of the Complaint.

36.   Defendant denies the averments contained in paragraph 36 of the Complaint.

37.   Defendant denies the averments contained in paragraph 37 of the Complaint.

38.   Defendant denies the averments contained in paragraph 38 of the Complaint.

39.   With regard to the averments contained in paragraph 39 of the Complaint, Defendant admits that Plaintiffs seek the damages set forth therein. Except as expressly admitted, Defendant denies the averments contained in paragraph 39 of the Complaint, and specifically denies that Plaintiffs are entitled to the relief sought.

40.   With regard to the averments contained in paragraph 40 of the Complaint, Defendant admits that Plaintiffs seek the damages set forth therein. Except as expressly admitted, Defendant denies the averments contained in

paragraph 40 of the Complaint, and specifically denies that Plaintiffs are entitled to the relief sought.

41.   In response to paragraph 41, Defendant incorporates herein by this reference its responses to paragraphs 1 through 40 of the Complaint as though fully set forth herein.

42.   With regard to the averments contained in paragraph 42 of the Complaint, Defendant admits the existence of the Wage Orders, and Labor Code sections 510 and 1198, the terms of which speak for themselves.  Except as expressly admitted, Defendant denies the averments contained in paragraph 42 of the Complaint.

43.   Defendant denies the averments contained in paragraph 43 of the Complaint.

44.   Defendant denies the averments contained in paragraph 44 of the Complaint.

45.   With regard to the averments contained in paragraph 45 of the Complaint, Defendant admits that Plaintiffs seek the relief set forth therein.  Except as expressly admitted, Defendant denies the averments contained in paragraph 45 of the Complaint, and specifically denies that Plaintiffs are entitled to the relief sought.

46.   In response to paragraph 46, Defendant incorporates herein by this reference its responses to paragraphs 1 through 45 of the Complaint as though fully set forth herein.

47.   In response to paragraph 47, Defendant admits that some putative class members were employed by and thereafter terminated by or resigned from their positions with United Mortgage.  Except as expressly admitted, Defendant denies the averments in paragraph 47 of the Complaint.

48.   Defendant denies the averments contained in paragraph 48 of the Complaint.

///

49. In response to paragraph 49, Defendant incorporates herein by this reference its responses to paragraph 1 through 48 of the Complaint as though fully set forth herein.

50. With regard to the averments contained in paragraph 50 of the Complaint, Defendant admits the existence of Labor Code section 226, the terms of which speak for themselves. Except as expressly admitted, Defendant denies the averments contained in paragraph 50 of the Complaint.

51. Defendant denies the averments contained in paragraph 51 of the Complaint.

52. In response to paragraph 52, Defendant incorporates herein by this reference its responses to paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53. With regard to the averments contained in paragraph 53 of the Complaint, Defendant admits the existence of Labor Code section 512, the terms of which speak for themselves. Except as expressly admitted, Defendant denies the averments contained in paragraph 53 of the Complaint.

54. With regard to the averments contained in paragraph 54 of the Complaint, Defendant admits the existence of Wage Order 4, the terms of which speak for themselves. Except as expressly admitted, Defendant denies the averments contained in paragraph 54 of the Complaint.

55. With regard to the averments contained in paragraph 55 of the Complaint, Defendant admits the existence of Wage Order 4, the terms of which speak for themselves. Except as expressly admitted, Defendant denies the averments contained in paragraph 55 of the Complaint.

56. With regard to the averments contained in paragraph 56 of the Complaint, Defendant admits the existence of Labor Code section 226.7, the terms of which speak for themselves. Except as expressly admitted, Defendant denies the averments contained in paragraph 56 of the Complaint.

57. Defendant denies the averments contained in paragraph 57 of the Complaint.

58. In response to paragraph 58, Defendant incorporates herein by this reference its responses to paragraphs 1 through 57 of the Complaint as though fully set forth herein.

59. With regard to the averments contained in paragraph 59 of the Complaint, Defendant admits the existence of Business & Professions Code section 17200, the terms of which speak for themselves. Except as expressly admitted, Defendant denies the averments contained in paragraph 59 of the Complaint.

60. Defendant denies the averments contained in paragraph 60 of the Complaint.

61. The remaining averments in the Complaint constitute Plaintiffs' prayer for relief and demand for a jury trial, and therefore no response is required. Defendant denies that Plaintiffs are entitled to the relief requested, or any relief, in this action.

**FIRST DEFENSE**

62. As a first and separate defense, Defendant avers that the Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

**SECOND DEFENSE**

63. As a second and separate defense, Defendant avers that Plaintiffs are barred from recovering any damages, or any recovery of damages must be reduced, by virtue of Plaintiffs' failure to exercise reasonable diligence to mitigate their purported damages.

**THIRD DEFENSE**

64. As a third and separate defense, Defendant avers that, by virtue of Plaintiffs' conduct, actions and statements, upon which Defendant reasonably relied, Plaintiffs are estopped from asserting any right, claim or defense, if any, which they otherwise might assert against Defendant.

**FOURTH DEFENSE**

65. As a fourth and separate defense, Defendant avers that the Complaint is barred, in whole or in part, by the applicable statutes of limitation.

**FIFTH DEFENSE**

66. As a fifth and separate defense, Defendant avers that the Complaint is barred, in whole or in part, by the doctrine of waiver.

**SIXTH DEFENSE**

67. As a sixth and separate defense, Defendant avers that the Complaint is barred, in whole or in part, by the doctrine of laches.

**SEVENTH DEFENSE**

68. As a seventh and separate defense, Defendant avers that the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTH DEFENSE**

69. As an eighth and separate defense, Defendant avers that the Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction.

**NINTH DEFENSE**

70. As a ninth and separate defense, Defendant avers that the Complaint is barred, in whole or in part, by the doctrine of settlement and release.

**TENTH DEFENSE**

71. As a tenth and separate defense, Defendant avers that the Complaint is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**ELEVENTH DEFENSE**

72. As an eleventh and separate defense, Defendant avers that it acted in good faith and had reasonable grounds for believing its actions did not violate the law.

///

///

///

**TWELFTH DEFENSE**

73. As a twelfth and separate defense, Defendant avers that Plaintiffs' claims are barred, in whole or in part, because of Plaintiffs' failure to exhaust any available administrative and/or contractual remedies prior to filing the Complaint.

**THIRTEENTH DEFENSE**

74. As a thirteenth and separate defense, Defendant avers that Plaintiffs' claims for overtime wages are barred because, at all relevant times, Plaintiffs were exempt from overtime under applicable law (including but not limited to the administrative exemption, the outside salesperson exemption, the commissioned salesperson exemption, and/or combined exemption).

**FOURTEENTH DEFENSE**

75. As a fourteenth and separate defense, Defendant avers that Plaintiffs are not entitled to any liquidated damages under the FLSA, or penalties under Sections 203 or 226.3 of the California Labor Code, because at all relevant times Defendant did not willfully, knowingly, or intentionally fail to comply with the compensation provisions of the FLSA or the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

**FIFTEENTH DEFENSE**

76. As a fifteenth and separate defense, Defendant avers that Plaintiffs are not entitled to recover any punitive, liquidated, or penal damages, and any award of penalties would in general or under the facts of Plaintiffs' claims, violate Defendant's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, as well as the due process and excessive fines clauses contained in the California Constitution.

///

### SIXTEENTH DEFENSE

77. As a sixteenth and separate defense, Defendant avers that Plaintiffs cannot satisfy the requirements for a class, group or collective action.

### SEVENTEENTH DEFENSE

78. As a seventeenth and separate defense, Defendant avers that Plaintiffs lack standing to assert the claims set forth in the Complaint.

### EIGHTEENTH DEFENSE

79. As an eighteenth and separate defense, Defendant avers that the alleged damages, injuries, and/or losses suffered by Plaintiffs, if any, proximately resulted from the negligence of parties, persons, and/or entities other than Defendant, and the liability of Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to Defendant.

### NINETEENTH DEFENSE

80. As a nineteenth and separate defense, Defendant avers that plaintiffs' alleged damages, injuries, and/or losses were proximately caused by or contributed to by the acts or omissions of others and/or by unavoidable incidents or conditions, without fault on the part of Defendant, which acts, omissions, incidents and/or conditions were an intervening and superseding cause of plaintiffs' alleged damages, injuries and/or losses, if any.

### TWENTIETH DEFENSE

81. As a twentieth and separate defense, Defendant avers that the Complaint is barred, in whole or in part, by the parties' written arbitration agreements.

///
///
///
///
///
///

1  WHEREFORE, Defendant prays for judgment as follows:

2  1. That Plaintiffs take nothing by their First Amended Complaint;

3  2. That judgment be entered in favor of Defendant and against Plaintiffs;

4  3. That Defendant be awarded its attorneys' fees incurred herein;

5  4. That Defendant be awarded its costs of suit incurred herein; and

6  5. That Defendant be awarded such other and further relief that this Court

7  deems just and proper.

DATED: April 7, 2008                 OGLETREE, DEAKINS, NASH, SMOAK
                                     & STEWART, P.C.


                                     By:      /s/ Margaret Gillespie
                                            Margaret H. Gillespie
                                     Attorneys for Defendants
                                     UNITED MORTGAGE GROUP, INC.,
                                     PARMINDER JOHAL, and PETER
                                     JOHAL

12                    CASE NO. CV 08 1065 PJH
ANSWER OF DEFENDANT UNITED MORTGAGE GROUP, INC. TO PLAINTIFFS'
FIRST AMENDED COMPLAINT FOR DAMAGES

**CERTIFICATE OF SERVICE BY UNITED STATES MAIL**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 633 West Fifth Street, 53rd Floor, Los Angeles, California 90071.

    On April 7, 2008, I served the following document(s) described as:

ANSWER OF DEFENDANT UNITED MORTGAGE GROUP, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

on the persons below as follows:

| | |
|---|---|
| Matthew C. Helland, Esq.<br>Nichols, Kaster & Anderson LLP<br>One Embarcadero Center, Suite 720<br>San Francisco, CA  94111 | J. Derek Braziel, Esq.<br>Lee & Braziel, LLP<br>1801 North Lamar Street, Suite 325<br>Dallas, Texas  75202 |
| Donald H. Nichols, Esq.<br>Paul J. Lukas, Esq.<br>Nichols, Kaster & Anderson, PLLP<br>4600 IDS Center, 80 S. 8th Street<br>Minneapolis, MN  55402 | Richard J. Burch, Esq.<br>Bruckner Burch PLLC<br>1415 Louisiana Street, Suite 2125<br>Houston, TX  77002 |

    I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

    I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

  Executed on April 7, 2008, at Los Angeles, California.

    Leighann N. Holtz
Type Name                                                                                  Signature

CASE NO. CV 08 1065 PJH
1
CERTIFICATE OF SERVICE